IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AHMAD WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.   24-2519 |
| | : | |
| **EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC** | : : : : | |

## MEMORANDUM

**MURPHY, J.**                                                                                             **March 4, 2025**

Ahmad Williams, representing himself, claims that three national credit bureaus damaged his credit by falsely reporting his financial obligations in violation of the Fair Credit Reporting Act (FCRA).  He says that Experian, Trans Union, and Equifax reported an automobile lease as his personal debt when it belonged solely to his business.  When he disputed the error, he claims that they each failed to properly investigate and continued the erroneous reporting.  Mr. Williams goes further, seeking to hold defendants liable under a variety of other state-law and RICO theories.

Both sides now ask us for judgment on the pleadings — with Mr. Williams arguing that defendants' answers prove his case, and defendants arguing that the claims should be dismissed in their entirety.  We sort through these arguments below and conclude that Mr. Williams's FCRA and defamation claims survive, but his other state law and RICO-related claims do not.

**I.      Background**

This case arises from a dispute over the reporting of a credit obligation related to an automobile lease on plaintiff Ahmad Williams' personal credit file.  Mr. Williams alleges that his company, Kingson Enterprise LLC (Kingson), is responsible for the lease agreement and that

defendants — Experian Information Solutions, Inc. (Experian), Trans Union, LLC (Trans Union), and Equifax Information Services, LLC (Equifax) — wrongfully reported the account as his personal obligation. He further contends that Defendants failed to conduct a reasonable reinvestigation under the FCRA when he disputed the account.

Mr. Williams filed this action on June 7, 2024, asserting claims under the FCRA for failure to follow reasonable procedures to ensure accuracy, 15 U.S.C. § 1681e(b), and failure to conduct a reasonable reinvestigation, § 1681i(a). *See* DI 1 ¶ 16. He alleges that defendants violated the FCRA both willfully and negligently. *See id.* (citing §§ 1681n-1681o). His complaint also includes claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d), asserting that defendants engaged in a fraudulent scheme to misreport his credit information, achieved through alleged mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. *See id.* ¶¶ 2, 27-28. Additionally, he brings state law claims for defamation, negligence, unjust enrichment, and negligent infliction of emotional distress. *See id.* ¶¶ 2, 40-56.

After each defendant's answer, Mr. Williams replied to the answer and moved for judgment on the pleadings under Rule 12(c), arguing that their answers failed to adequately dispute his allegations and, therefore, no dispute of material fact exists that prevents judgment. *See* DI 29; DI 30; DI 42; *see also* DI 35; DI 37; DI 50. Mr. Williams did not comply with our policies and procedures, which are available on the court's website, when filing his motions. However, because Mr. Williams is pro se, and there is no apparent prejudice to defendants, it is in the interests of justice to resolve his motions on the merits. Defendants, for their part, opposed Mr. Williams's motions and then filed their own joint motion for judgment on the

2

pleadings, seeking dismissal of all claims. *See* DI 33; DI 34; DI 45; DI 57. They contend that the credit reporting was accurate, that Mr. Williams has not plausibly alleged that they failed to comply with the FCRA, and that his RICO and state law claims fail as a matter of law. *See id.* These four motions have been fully briefed.

## II. Legal standard and analysis

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When a Rule 12(c) motion is based on a failure to state a claim, the legal standard is the same as that applied to a motion to dismiss under Rule 12(b)(6). *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). Thus, to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In evaluating a Rule 12(c) motion, courts consider "the facts alleged in the complaint and the content of any documents to which the complaint makes reference." *Atiyeh v. Nat'l Fire Ins. Co.*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257 (3d Cir. 2012); *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019). A motion for judgment on the pleadings will be granted "only if the plaintiff[] would not be entitled to relief under any set of facts that could be proved." *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001).

"If . . . matters outside the pleadings are presented [] and not excluded . . . the [Rule

3

12(c)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 134 (3d Cir. 2016). However, we may consider documents "integral to or explicitly relied upon in the complaint," such as contracts central to the claim, without converting the motion to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

When a plaintiff moves for judgment on the pleadings based on the sufficiency of an answer, courts evaluate whether the answer raises material disputes of fact or legally sufficient defenses. A defendant's denial or assertion of lack of knowledge can present a material dispute of fact that prevents judgment. *See* Fed. R. Civ. P. 8(b); *Kegerise v. Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 122, 125 (M.D. Pa. 2016). When an answer raises factual disputes through well-pleaded facts or denials, or raises affirmative defenses that, if proven, could preclude liability, judgment on the pleadings is inappropriate.

Ultimately, a motion for judgment on the pleadings is proper only where "no material issue of fact remains to be resolved and . . . [the moving party] is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988).

### A.  Defendants' motion

We will assess defendants' motion for judgment on the pleadings first. We find that only Mr. Williams's FCRA and defamation claims state claims upon which relief could be granted. Mr. Williams's RICO claims, including mail and wire fraud, are dismissed and the remaining state court claims — negligence, unjust enrichment, and negligent infliction of emotional distress (NIED) — are preempted by the FCRA and are therefore dismissed with prejudice.

4

> a. **Mr. Williams states claims for relief under 15 U.S.C. §§ 1681e(b), i(a) and willfulness under § 1681n sufficient to survive the present motion to dismiss.**

The FCRA imposes duties on credit reporting agencies (CRAs) to ensure the accuracy of consumer reports and to reinvestigate disputed information. CRAs are required to "follow reasonable procedures to assure maximum possible accuracy" of consumer reports. 15 U.S.C. § 1681e(b). To state a negligence-based claim under § 1681e(b), Mr. Williams must allege that: (1) the CRA issued a consumer report containing inaccurate information; (2) the inaccuracy was due to the CRA's failure to follow reasonable procedures; (3) he suffered harm; and (4) the CRA's failure caused that harm. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

Mr. Williams alleges that each of the defendants issued consumer reports inaccurately listing him as a co-lessee or guarantor on a vehicle lease, despite his assertion that he never agreed to be personally responsible. *See* DI 1 ¶¶ 3, 17. He claims that he provided documentation to defendants, including a lease agreement that does not list him as a co-lessee, yet the account continued to appear on his credit reports. *See id.* ¶¶ 17, 22. These allegations adequately state that the consumer report contained inaccurate information.[1]

---

[1] The defendants argue that the Credit Authorization Agreement, filed in a related case and attached by Mr. Williams to his response to defendants' 12(c) motion in this case, is dispositive. *See* DI 59-1; *Williams v. Mercedes-Benz USA*, No. 24-932 (E.D. Pa. filed Mar. 1, 2024). While we may consider the credit application attached to Mr. Williams's response without converting the motion to one for summary judgment — because its authenticity is uncontested, and it is integral to the complaint because Mr. Williams's claims are based on his assertion that he was not personally liable for the car lease — its inclusion does not alter our analysis. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that a document is integral to the complaint if claims "are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited"). The document

To assert that the defendants failed to follow reasonable procedures, Mr. Williams must allege that a CRA's reporting process was deficient in preventing inaccuracies. *Cortez*, 617 F.3d at 708. "Judging the reasonableness of a credit reporting agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Id.* at 709. Mr. Williams alleges that he provided the CRAs with a copy of the lease agreement "showing that he was neither a co-lessee nor a guarantor for the vehicle." DI 1 ¶ 22. Mr. Williams claims that the defendants did not follow up with him and relied solely on information provided by MBFS. *Id.* ¶¶ 22, 25. He further claims that he disputed the account multiple times, but defendants continued to report it as accurate without explanation and denied him the ability to open further disputes against the claim. *Id.* ¶ 7. Taken as true, these allegations support an inference that defendants did not employ reasonable procedures to ensure accuracy.

For the harm and causation elements, Mr. Williams alleges that the inaccurate reporting negatively affected his creditworthiness by increasing his debt-to-income ratio, lowering his credit score, and causing lenders to deny his credit applications. *Id.* ¶ 8. If proven to be true, such denials could satisfy the requirement that defendants' alleged failure to maintain reasonable procedures caused him harm. *See Philbin*, 101 F.3d at 966 (similar denial of credit theory surviving summary judgment); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1174 (9th Cir. 2009) (same).

---

is a credit application, and there is no indication at this stage that the application was approved. While discovery may resolve this issue, for now, Mr. Williams explicitly alleges that "[t]here is no agreement between the Plaintiff and MBFS in which the Plaintiff agreed to be listed as a co-lessee or guarantor of the leased vehicle." DI 1 ¶ 17.

Under 15 U.S.C. § 1681i(a), CRAs must conduct a "reasonable reinvestigation" when a consumer disputes the accuracy of reported information. For Mr. Williams to state a claim for negligent noncompliance under § 1681i(a) he must allege facts that demonstrate: (1) Mr. Williams disputed inaccurate information with the CRA; (2) the CRA failed to conduct a reasonable reinvestigation; (3) the CRA failed to correct the inaccuracy; and (4) the inaccuracy caused him harm. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225-26 (3d Cir. 1997) ("[T]here was evidence produced at trial concerning the inaccuracy of the information, Cushman's notification to [Trans Union] of the inaccuracy and the underlying fraud, the nature of [Trans Union's] reinvestigation and the costs incurred by it in performing that reinvestigation, and the damages suffered by Cushman. A reasonable jury weighing this evidence . . . could have rendered a verdict for Cushman." (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286-87 (7th Cir. 1994))).

Mr. Williams asserts that he disputed the account numerous times between July 2022 and January 2024, providing documentation to defendants that he claims demonstrated the inaccuracy. DI 1 ¶ 7, 22. He alleges that defendants failed to conduct a reasonable reinvestigation because they failed to corroborate the claim by MBFS that the credit obligation was accurate. *Id.* ¶ 25. He further claims that defendants eventually refused to accept any further disputes. *Id.* ¶ 17. Taken as true, these allegations are enough to allege that defendants failed to conduct a reasonable investigation.

Mr. Williams further alleges that the inaccurate account remained on his credit file until May 2024, when MBFS requested its removal. *Id.* ¶ 9. As noted above, he asserts that during the period in which the account was reported, he suffered harm from credit denials and damage

7

to his creditworthiness, which suffices to plead the injury and causation elements of a § 1681i(a) claim.

Mr. Williams may recover punitive damages if the CRA's conduct was willful under § 1681n, meaning the CRA acted knowingly or recklessly in violating the FCRA. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57-60 (2007); *Cortez*, 617 F.3d at 721 n.39 ("*Safeco*'s standard defining willful applies to all violations of the FCRA."). Reckless conduct includes conduct that creates "an unjustifiably high risk" of violating the law. *Safeco*, 551 U.S. at 68-70. Mr. Williams alleges that Defendants' actions were willful because they continued reporting the account despite multiple disputes, refused to provide supporting documentation, and eventually stopped allowing further disputes altogether. *See* DI 1 ¶¶ 22, 25. He asserts that defendants knowingly failed to ensure the accuracy of his credit report and disregarded clear indications that the reporting was incorrect. *Id.* ¶¶ 16, 22. Although Mr. Williams's allegations lack some detail, at this stage, his allegations allow an inference that the defendants' behavior was at least reckless. Accordingly, we will not dismiss the § 1681n willfulness allegations.

### b. Mr. Williams's RICO, mail fraud, and wire fraud claims are dismissed for failure to plead the elements with sufficient particularity under Rule 9(b).

Mr. Williams asserts RICO claims under 18 U.S.C. § 1962(c),[2] alleging predicate acts of mail fraud and wire fraud under 18 U.S.C. §§ 1341 and 1343. *See* DI 1 ¶¶ 27-39. RICO claims that rely on fraud as a predicate act must satisfy the heightened pleading standard of Rule 9(b),

---

[2] Mr. Williams also bases his claims on 18 U.S.C. § 1962(d). *See* DI 1 ¶ 2. However, a violation of subsection (d) is dependent on a violation of subsections (a), (b), or (c) and fails if the substantive claims arising from the other subsections fail. *Kolar v. Preferred Real Est. Invs., Inc.*, 361 F. App'x 354, 366-67 (3d Cir. 2010).

which requires plaintiffs to plead fraud with particularity. *Rapid Cirs., Inc. v. Sun Nat. Bank*, No. 10-6401, 2011 WL 1666919, at *23 (E.D. Pa. May 3, 2011) (citing *Banks v. Wolk*, 918 F.2d 418, 422 n.1 (3d Cir.1990)).

To satisfy Rule 9(b), Mr. Williams must allege "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Mr. Williams must also specify "who made a misrepresentation to whom and the general content of the misrepresentation." *Hlista v. Safeguard Props., LLC*, 649 F. App'x 217, 221 (3d Cir. 2016) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004)). Mr. Williams must show that the defendants made misrepresentations that were "calculated to deceive" or to further a fraudulent scheme. *Id.* at 222. Allegations that simply describe a contractual business dispute, even if involving false statements, do not constitute mail or wire fraud for RICO purposes. *See Kolar*, 361 F. App'x at 363.

Mr. Williams alleges that Defendants engaged in mail and wire fraud by misreporting him as a co-lessee on a vehicle lease and continuing to communicate with credit reporting agencies regarding his financial obligations. DI 1 ¶ 38. But his complaint fails to meet Rule 9(b)'s heightened pleading standard because it does not provide the necessary details regarding the alleged fraudulent communications.

First, Mr. Williams does not identify any specific fraudulent communications, such as by alleging the date or content of the alleged false statements. Blanket allegations of mail and wire fraud are insufficient to satisfy Rule 9(b). *See Banks*, 918 F.2d at 422 n.1; *Hlista*, 649 F. App'x at 222. Without particularized facts detailing when the communications were sent, and how

9

they were fraudulent, Mr. Williams's allegations lack the specificity required for a RICO claim predicated on fraud and must be dismissed.

Second, Mr. Williams does not establish how any particular communication was intended to deceive him of money or property, which is a required element of mail and wire fraud. *See Hlista*, 649 F. App'x at 221-22. He alleges that the defendants' continued reporting of a disputed account harmed his creditworthiness, and that the defendants benefited from "their continued s[ale] of fraudulent information . . . increasing their profit and overall company value." DI 1 ¶ 38. These allegations do not plead a fraudulent scheme, but merely the reporting of a credit obligation centered around a lease to rent a vehicle. Simply because a document contains inaccurate information does not make the exchange of such information a fraudulent scheme. Mr. Williams does not explain how reporting false credit obligations benefits the defendants more that accurate credit obligations, or how any communications were "calculated to deceive" or defraud anyone. *See Hlista,* 649 F. App'x at 222.

Without particularized factual allegations identifying fraudulent communications, when they occurred, and how they were used to further an unlawful scheme, Mr. Williams' RICO claims predicated on mail and wire fraud fail to satisfy Rule 9(b) and must be dismissed. *See Rapid Cirs.*, 2011 WL 1666919, at *23-25.

### c. Mr. Williams's claims for negligence, unjust enrichment, and NIED are preempted by the FCRA, but his claim for defamation survives because he alleges actual malice.

The FCRA preempts certain state law claims against CRAs and furnishers of credit

information to CRAs through 15 U.S.C. § 1681h(e) and 15 U.S.C. § 1681t(b)(1)(F).[3] While these provisions operate differently, generally, negligence-based claims and claims that overlap with FCRA obligations are preempted.

Under § 1681h(e), state law claims "in the nature of defamation, invasion of privacy, or negligence" are barred unless the plaintiff proves "malice or willful intent to injure." This provision allows a narrow exception for defamation claims where malice or willfulness is alleged, the standard for which is thought to be the same as that for willfulness under § 1681n. *See Cushman*, 115 F.3d at 225-26, 229; *Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 430 (E.D. Pa. 2006) ("The Third Circuit has assumed without deciding that the standard for 'malice or willful intent to injure' under 1681h(e) is the same as the standard for an award of punitive damages for a willful violation of the FCRA under 15 U.S.C. § 1681n."). The FCRA comprehensively regulates the handling and dissemination of consumer credit information by CRAs, and § 1681h(e) preempts state common law claims that seek to impose liability for conduct governed by the statute. *See Shannon v. Equifax Info. Servs.*, LLC, 764 F. Supp. 2d 714, 727 (E.D. Pa. 2011) ("[U]nless a plaintiff alleges willfulness in pursuing its common law claims, the FCRA provides the exclusive remedy.")

Separately, § 1681t(b)(1)(F) provides broader preemption of "all state statutory and common law claims" related to subject matter regulated under § 1681s-2. *See Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014). However, this provision only applies to furnishers of credit information — not to CRAs. *See* § 1681t(b)(1)(F); *Shannon*, 764

---

[3] Preemption is an affirmative defense; the defendants bear the burden of proof. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d at 133 n.6.

11

F. Supp. 2d at 727 & n.9 (E.D. Pa. 2011).

Mr. Williams asserts state law claims for negligence, NIED, unjust enrichment, and defamation. *See* DI 1 ¶¶ 40-56. The first three claims — negligence, NEID, and unjust enrichment — are preempted by the FCRA because they are restatements of alleged violations of the FCRA as common law claims without any additional allegations of willfulness. *See Shannon*, 764 F. Supp. 2d at 727. However, the defamation claim will not be dismissed at this stage because Mr. Williams has alleged that the false reporting was willful based on allegations that he continually reported inaccuracy to the CRAs over a nearly two-year period.

### i. The negligence, NIED, and unjust enrichment claims are preempted under § 1681h(e) and are dismissed with prejudice.

Mr. Williams's attempts to reframe his FCRA claims as negligence, NIED, and unjust enrichment fall within the scope of § 1681h(e) preemption, and those claims must be dismissed.

Section 1681h(e) preempts state law negligence claims against CRAs because the FCRA regulates the procedures that CRAs must follow when handling consumer disputes. *See Cushman*, 115 F.3d at 225-26; *Shannon*, 764 F. Supp. 2d at 727 (holding that negligence claims cannot fall under the willful exception to § 1681h(e) because one cannot allege willful negligence). Similarly, NIED claims are preempted when they are "premised on an alleged breach of a contractual or fiduciary duty" — such as erroneous credit reporting and a failure to investigate — and are therefore "in the nature of" a negligence claim. *See Gagliardi v. Equifax Info. Servs., LLC*, 2011 WL 337331, at *5 (W.D. Pa. Feb. 3, 2011) (dismissing an NIED claim as preempted by § 1681h(e)).

Here, Mr. Williams' negligence and NIED claims allege that the defendants negligently failed to properly investigate his disputes and continued to report false information about him.

12

DI 1 ¶¶ 51, 56.  The FCRA provides the sole remedy for such allegations.  The negligence and NIED claims are preempted under § 1681h(e) and must be dismissed.

While unjust enrichment is not explicitly listed in § 1681h(e), another court in this district has interpreted § 1681h(e) broadly to cover common law claims alleged against CRAs, so long as they are "in the nature of [a] defamation, invasion of privacy, or negligence" claim.  *Shannon*, 764 F. Supp. 2d at 727 ("[U]nless a plaintiff alleges willfulness in pursuing its common law claims, the FCRA provides the exclusive remedy.").  The only factual allegations related to the unjust enrichment claim in the complaint are the following: "Defendants received the benefit of selling Plaintiff's credit report with the fraudulent information to the third parties. They solicited, accepted and benefited from such selling."  DI 1 ¶ 54.  This claim mirrors the negligence and NIED claims above because it relies on the theory that the defendants failed to exercise reasonable care in handling his credit information, resulting in financial harm to him and unjust benefit to the defendants.  Because the gravamen of this claim is negligent credit reporting, it falls within the scope of § 1681h(e) preemption.  Furthermore, Mr. Williams does not allege that the defendants acted with malice or willful intent to injure him when unjustly enriching themselves — and doing so would be incompatible with the nature of unjust enrichment as an equitable doctrine.  *See, e.g., Wilson v. Parker*, 227 A.3d 343, 353 (2020) (unjust enrichment claims in Pennsylvania only "require[] (1) an enrichment that (2) was unjust").  Instead, he asserts only that the defendants profited from selling a credit report containing inaccurate information, which is insufficient to avoid preemption under § 1681h(e). The unjust enrichment claim is therefore dismissed with prejudice.

### ii. The defamation claim survives.

Unlike the negligence, NEID, and unjust enrichment claims, Mr. Williams' defamation claim is not clearly preempted by the FCRA, and we will not dismiss it at this stage. While § 1681h(e) preempts defamation claims explicitly, this is true only when malice or willfulness is not alleged, and Mr. Williams does allege willfulness in the context of his defamation claim. He asserts that he notified the CRAs many times and that they should have known that the report was false, which, if true, could support a jury finding that the malice exception applies. DI 1 ¶¶ 7, 22, 25, 49; *see Manno*, 439 F. Supp. 2d at 431 (finding, at the summary judgment stage, that malice in this context may be shown by "the continued publication of a falsehood after the injured party requests a retraction").

### B. Mr. Williams's motion

Our resolution of the defendants' Rule 12(c) motion leaves only Mr. Williams's FCRA claims and defamation claim. We now turn to Mr. Williams's motions for judgment on the pleadings, in which he argues that Defendants' answers are legally insufficient under Rule 8(b), and that judgment should be entered in his favor as a matter of law. *See* DI 29; DI 30; DI 42.

Rule 8(b) governs how a defendant must respond to allegations in a complaint. Under Rule 8(b)(1)(B), a defendant's answer must "admit or deny the allegations asserted against it by an opposing party." If a defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation," Rule 8(b)(5) allows the party to state that it lacks knowledge, which functions as a denial. *See also David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D. Pa. 1973) ("An answer to an averment in a complaint which states that the party lacks sufficient information or knowledge to admit or deny the averments is permitted by [Rule] 8(b)

14

and it has the effect of a denial.").

A motion for judgment on the pleadings under Rule 12(c) based on the alleged insufficiency of an answer will be granted only if the answer fails to controvert material allegations in the complaint such that there is no dispute of fact. *Jablonski*, 863 F.2d at 290. Our goal here is not to decide this case on technicalities in the pleading process, but only to grant relief if there is no actual dispute. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Mr. Williams argues that the defendants' denials based on a lack of knowledge or information should be deemed admissions because they have some knowledge about the reporting as CRAs. *See* DI 29 ¶ 37 (asking us to admit paragraphs "3, 4, 6, 7, 8, 9, 13, 15, 17, 40, 41, 43, 44, 49, and 54 of the complaint" against Trans Union); DI 30 ¶ 25 (asking us to admit paragraphs "3, 4, 6, 7, 8, 9, 13, 15, 17, and 40, of the complaint" against Experian); DI 42 ¶ 29 (asking us to admit paragraphs "3, 4, 5, 7, 8, 9, 13, 15, 17, 40, 41, 42, 43, and 45 of the complaint" against Equifax). Mr. Williams also argues that Trans Union failed to respond to an allegation buried in paragraph 54 of his complaint. *See* DI 29 ¶ 36.

Mr. Williams has not persuaded us that any of defendants' Rule 8(b)(5) denials are improper. Nor do we think that defendants have inadequately responded to Mr. Williams's complaint. Mr. Williams asks us to assume the truth of certain facts asserted in his complaint in order to avoid treating defendants' responses asserting lack of knowledge as denials. We may not do so. *Evanston Ins. Co. v. Tristar Prods.*, 537 F. Supp. 3d 798, 811 (E.D. Pa. 2021) ("When considering a motion for judgment on the pleadings, a court 'must accept as true all facts presented in the complaint and answer and draw all inferences in favor of the non-moving

15

party[.]'" (quoting *Leithbridge Co. v. Greenwich Ins. Co.*, 464 F. Supp. 3d 734, 738 (E.D. Pa. 2020))). Further, Mr. Williams's argument that Trans Union failed to deny the allegations in paragraph 54 of his complaint is now moot because we dismissed his unjust enrichment claim.

Because Defendants' answers adequately respond to Mr. Williams's claims under Rule 8(b) and thereby create material factual disputes, there is no basis for granting judgment in Mr. Williams's favor. *See Jablonski*, 863 F.2d at 290. Accordingly, Mr. Williams's motion for judgment on the pleadings must be denied.

### III. Conclusion

For the reasons explained above, defendants' motion for judgment on the pleadings is granted in part and denied in part. Mr. Williams's RICO, mail fraud, wire fraud claims are dismissed, and Mr. Williams's negligence, negligent infliction of emotional distress, and unjust enrichment claims are dismissed with prejudice. His FCRA claims under 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681n, as well as his defamation claim, remain. Mr. Williams's motion for judgment on the pleadings is denied because defendants' answers sufficiently contest the material allegations in his complaint under Rule 8(b). An appropriate order will follow.